DREW, Justice.
This case is before us on a petition for writ of certiorari to review an order of the Circuit Court of Monroe County denying a motion to dismiss an original bill in the nature of a bill of review.
The pertinent facts alleged in the complaint are as follows:
On October 26, 1950, Harry Fink (Petitioner here) filed a suit in Monroe County against Frances O. Warriner (Respondent here) to foreclose a mortgage on certain lands in Monroe County. On November 28, 1950, and within the time allowed, Warriner filed her answer consisting wholly of a general denial of each allegation of the complaint. This answer was signed by B. R. Cisco, Warriner’s solicitor. On December 22, 1950, a stipulation was entered into between Cisco and Harold Kassewitz, Fink’s solicitor, consenting to the entry of a decree in the form attached to the stipulation and agreeing that the lands would not be sold by the Master until February 5, 1951. The stipulation further waived *914 the right to appeal by Warriner. Pursuant to this stipulation a decree was entered by the lower court on December 29, 1950, and such decree provided for a sale on February 5, 1951. The property was duly advertised and sold on said date to Fink for $1,000.
On March 6, 1951, and before the sale was confirmed, Warriner filed a motion in said cause to (1) set aside the final decree; (2) set aside the Master’s sale; and (3) to authorize Warriner to offer her defense ±o the bill of complaint. As a basis for such relief Warriner alleged that the stipulation of December 22nd was entered into by her solicitor without her knowledge, consent or approval; that the final decree was likewise entered into without her knowledge, consent or approval and that she was not advised of and did not know of the Master’s sale on February 5, 1951, and that the first knowledge she had of said matters was when she received from Fink’s solicitor a copy of a motion for confirmation of the sale and for the entry of a deficiency decree. Warriner further alleged that the property was of a far greater value than the $1,000 bid at said sale and that she had been deprived of the opportunity to defend her rights in said cause by the unauthorized stipulation.
At this point it is pertinent to observe that the motion fails to allege that Warriner has any meritorious defense whatever to the mortgage and further makes no reference to a payment of interest alleged to have been made on said mortgage and for which no credit was allowed in the final decree. This latter point was raised for the first time in the original bill in the nature of a bill of review filed by Warriner and here 'being considered.
The motion to set aside the final decree and Master’s sale and to allow Warriner to defend was presented and argued before the lower court on September 20, 1951. The lower Court, in an order of said date (1) denied the motion to vacate the final decree; (2) refused to confirm the Master’s sale of February 5, 1951, and (3) set aside said Master’s sale and ordered a sale pursuant to the decree on October 15, 1951. Such sale was held on said date and the property was bid in by Fink for $5,000. Other matters of an inconsequential nature are alleged and the complaint concludes with a prayer to set aside and reverse the final decree of December 29, 1950.
We have carefully read the complaint and nowhere in it do we find any allegation alleging a meritorious defense to the original foreclosure action. The most that is alleged by Warriner is that the stipulation was entered into by her attorney without her knowledge, consent or approval and that an interest payment was not credited in the amount adjudicated to be due.
We hold that the lower court was in error in denying the motion to dismiss the complaint. The question of whether the solicitor for Warriner had the authority to enter into the stipulation was the very basis of the motion to set aside the original decree and this was decided adversely to her. This order finally determined that question and as between these parties it is res adjudicata. So also is the question of the credit of interest. This question could and should have been raised in Warriner’s original motion. Her failure to do so — when it was proper to raise it — does not affect the application of the Rule. Gordon v. Gordon, Fla., 59 So.2d 40.
Having decided that the lower court should have dismissed the complaint for the reasons above stated, we do not pass upon the other points raised.
Accordingly the petition for certiorari is granted and the order appealed from is quashed with directions to dismiss the complaint.
HOBSON, C. J., and TERRELL, THOMAS, ROBERTS and MATHEWS, JJ., concur.